IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLIFTON WHITE,

    Plaintiff,

v.                                                                                                                                             No. 1:21-cv-01204-MIS-JFR

LISA PADILLA, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

THIS MATTER is before the Court on Plaintiff Clifton White's ("Plaintiff's") Opposed Motion Requesting Leave to File Third Amended Complaint ("Motion to Amend"). ECF No. 52. Defendants filed a Response, and Plaintiff filed a Reply. ECF Nos. 56, 58.[1] Having considered the parties' arguments, the record, and the relevant law, the Court will grant the Motion and allow Plaintiff seven calendar days from the date of this Order to file the Third Amended Complaint, in the exact form attached to the Motion as Exhibit A, ECF No. 52-1. Further, the Court will find Defendants' Motion for Judgment on the Pleadings, ECF No. 32, and the Magistrate Judge's Proposed Findings and Recommended Disposition, ECF No. 47 as moot.

In the Motion to Amend, Plaintiff requests leave to file a Third Amended Complaint after the deadline to file an amended complaint has passed. *See* ECF No. 27 at 1–2 (setting a deadline of June 6, 2022 for Plaintiff to amend the pleadings).

---

[1] In the Reply, Plaintiff makes new arguments and attaches several exhibits to the Motion, largely in an effort to address the arguments made in Defendants' Response regarding futility of amendment. *See* ECF No. 58 at 2–8; ECF Nos. 58-1–58-4. The Court declines to consider these additional arguments and exhibits, which were presented for the first time in the Reply. Ultimately, this issue is immaterial to the present Memorandum Opinion and Order.

## LEGAL STANDARD

A plaintiff is entitled to amend the complaint "once as a matter of course" if certain temporal conditions are met. Fed. R. Civ. P. 15(a)(1). Otherwise, the plaintiff must obtain either the consent of the defendants or leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Under Federal Rule of Civil Procedure ("Rule") 15, denial of leave to amend "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, when a party moves to amend a pleading after the deadline set in the scheduling order, the party must satisfy Rule 16's good-cause standard in addition to the requirements of Rule 15. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The purpose of setting an amendment deadline in the scheduling order is to "assure[] that at some point . . . the pleadings will be fixed . . . ." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. Nonetheless, "total inflexibility is undesirable." *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)). Under Rule 16, the party seeking amendment must show that he "has been diligent in attempting to meet the deadlines" and that the scheduling deadlines cannot be met despite the party's diligent efforts. *See, e.g., Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015).

**DISCUSSION**

The Court finds that good cause exists to modify the scheduling order to allow Plaintiff to file a Third Amended Complaint. Specifically, Plaintiff has indicated that he is largely amending his complaint to identify additional defendants whose identities have become apparent, as well as to provide more details to "comport more wholly to the applicable pleading standard that requires him to detail who did what to whom." ECF No. 52 at 2; *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Court is also mindful of Plaintiff's argument that, as an incarcerated person, he was at a disadvantage in identifying the persons responsible for the actions alleged in his lawsuit. ECF No. 52 at 2.

Additionally, given the stay of discovery and other proceedings, amendment will not significantly affect the discovery or trial schedule. *See* ECF No. 35. The Court finds that neither that the granting of the extension of time prejudices neither party. The Court also finds that none of the factors for denying leave to amend are present, except for the possible factor concerning futility of amendment; however, the Court finds, in the interest of judicial economy, that it would be most efficient to address this issue upon the filing of the Third Amended Complaint, particularly given that Plaintiff has expressed his desire to address at least some of the futility arguments raised in the Motion for Judgment on the Pleadings. *See* ECF No. 52 at 2.

## CONCLUSION

Given the above, the Court concludes that good cause exists to modify the scheduling order to allow Plaintiff to file a Third Amended Complaint.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Opposed Motion Requesting Leave to File Third Amended Complaint, ECF No. 52, is **GRANTED**. Plaintiff shall have **seven calendar days** from the date of this Order to file the Third Amended Complaint, in the exact form attached to the Motion as Exhibit A, ECF No. 52-1.

2. Defendants' Motion for Judgment on the Pleadings, ECF No. 32, and the Magistrate Judge's Proposed Findings and Recommended Disposition, ECF No. 47, are hereby **FOUND AS MOOT**. Defendants shall not be prejudiced, as a result of this Order, from filing a new Motion for Judgment on the Pleadings based on the Third Amended Complaint.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE